DLD-188                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1022
_____

IN RE:  ANTHONY HARPER,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 12-cv-02809)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 27, 2014
Before:  SMITH, HARDIMAN and GREENBERG, Circuit Judges

(Opinion filed: March 20, 2014)
_____

OPINION
_____

PER CURIAM

        Anthony Harper has filed a petition for a writ of mandamus asking us to vacate his

criminal sentence.  For the reasons that follow, we will deny the mandamus petition.

        In 1976, Harper was convicted in the Philadelphia County Court of Common Pleas of

first-degree murder, robbery, and other offenses.  Harper was sentenced to life in prison on the

murder conviction.   The Pennsylvania Supreme Court affirmed Harper's conviction and

sentence.  Commonwealth v. Harper, 403 A.2d 536 (Pa. 1979).  Harper sought state and

federal collateral relief without success.

In 2012, Harper filed a habeas petition pursuant to 28 U.S.C. § 2254 in District Court that was dismissed without prejudice as an unauthorized successive petition. Harper filed a notice of appeal and asserted in this Court that his life sentence violates his Eighth Amendment rights under Miller v. Alabama, 132 S. Ct. 2455 (2012), because he was a juvenile when he committed his crimes. We construed Harper's request for a certificate of appealability as an application pursuant to 28 U.S.C. § 2244(b) to file a second or successive habeas petition. We stayed the application pending decisions in In re Pendleton, C.A. No. 12-3617, and In re Baines, C.A. No. 12-3996, in which the petitioners also sought to file second or successive habeas petitions raising Miller claims.

On May 23, 2013, while the stay was in effect, Harper filed another habeas petition in District Court raising his Miller claim. On November 27, 2013, the District Court, noting that we had since decided Pendleton and Baines, ordered the respondents to file a response to Harper's petition by December 18, 2013. The respondents did not do so and on December 26, 2013, Harper filed a motion for a default judgment. The District Court denied Harper's motion and ordered the respondents to file a response by January 23, 2014. The District Court noted that the Clerk of Court had not served a copy of its November 27, 2013 order on the respondents.

On January 8, 2014, Harper filed the present mandamus petition asserting his claim under Miller and asking us to vacate his sentence. Harper states that the respondents did not respond to his habeas petition by December 18, 2013 and that in his § 2244 proceedings, we

had ordered that extensions of time would not be granted to address the effect of Pendleton on his § 2244 application.[1]

The writ of mandamus traditionally has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (internal quotation and citations omitted). "The writ is a drastic remedy that is seldom issued and its use is discouraged." Id. A petitioner must show that he has no other adequate means to attain the desired relief and that the right to a writ is clear and indisputable. Id. at 141.

Harper has not made such a showing. Harper has an adequate means to attain the desired relief through the adjudication of his habeas petition. To the extent he contends that the District Court erred in denying his motion for default judgment, he can pursue that contention on appeal if the final judgment in his habeas proceedings is unfavorable. Harper also has not shown that the right to a writ is clear and indisputable. As noted above, the Pennsylvania Supreme Court has ruled that Miller does not apply retroactively to cases like Harper's, whose judgment of sentence was final when Miller was decided.

---

[1] On December 9, 2013, we granted Harper's application for leave to file a second or successive habeas petition, see C.A. No. 12-3532, and our order was entered on the District Court docket on January 24, 2014. Harper's case was then stayed, along with other cases in which we granted § 2244(b) applications raising Miller claims, pending disposition of a petition for a writ of certiorari to be filed in Commonwealth v. Cunningham, 81 A.3d 1 (Pa. 2013). Cunningham held that Miller does not apply retroactively to cases on collateral review. Cunningham, 81 A.3d at 11.

Accordingly, we will deny the petition for a writ of mandamus. Harper's motion and supplemental motion for bail are also denied. See Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992) (requiring extraordinary circumstances before bail will be afforded).